*1061 On the Merits.
This is a suit for the partition of a large quantity of land situated in the parish of St. Martin, which was formerly the property of a a firm or copartnership styled Milmo, Stokoe & Oo., now dissolved by the decease of two of its members, Mrs. M. J. Stokoe and Bernard Milmo. It is instituted by Harry B- Hewes, the only surviving member of that partnership, joined by John W. Stokoe, surviving husband and partner in community of said Mrs. Mattie J. Stokoe, who appears in his own right and as the natural tutor of N. W. Stokoe, issue of their marriage; and also by M. Bose Leitch, an emancipated minor, issue of the same marriage — the latter being a forced heir and universal legatee of Mrs. Stokoe, deceased.
The action is directed against John B. Baxter as dative tutor of the minor children and forced heirs of Bernard B. Milmo, deceased partner of said copartnership, as co-owner with said plaintiffs of said common or partnership property.
The proportionate shares of each of said partners or co-owners is as follows, viz.:
Bernard B. Milmo, tutor, ten-eighteenths.
Mattie J. Stokoe, represented by her husband and by her two children, five-eighteenths.
Henry Hewes, three-eighteenths.
The allegation is made by the plaintiffs, and not seriously controverted by the defendant, that the lands in question can not be conveniently divided in kind, and that the partition should be made by licitation.
In limine, the defendant tendered the following peremptory exception, founded on law, namely:
That John W. Stokoe, who is alleged to be natural tutor of the minor Neil W. Stokoe, is not and never has been the tutor of said minor; that an abstract of the inventory of said minor’s property, showing the amount and value thereof, has never been inscribed in the book of mortgages, as the law requires; that if any appointment of said Stokoe as tutor of said minor has been made, same is absolutely null and void and without effect of any kind; that no letters of tutorship have issued to him as tutor, and that he is without appointment as such, or authority of any kind to represent the minor as such, and more particularly without authority to represent said *1062 minor in this suit or to stand in judgment therein; hence, the said minor is without a representative in this suit, and consequently same should be dismissed.
The issues raised herein are precisely similar to those presented and this day decided in suit of same title and bearing docket No. 1435, appealed from the parish of Iberia, and wherein the aforesaid exception was made and sustained for reasons assigned therein, and which are reiterated and adopted as our reasons for judgment in this case.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and it is further ordered and decreed that this cause be remanded to the court below and therein reinstated, without prejudice to the rights of any one of the parties, either plaintiff or defendant, and with leave granted to all parties to so reform and perfect their pleadings and proceedings as to conform to the law and the views herein expressed, and as expressed in the case No. 1435 herein specified, the costs of appeal to be taxed against the appellee, and those of the lower court to await final action therein.
Mr. Justice Breaux recuses himself and takes no part in this decision.